INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, LOCAL 2818, Appellant,

v.

MIFFLIN TOWNSHIP et al., Appellees.

[Cite as *Internatl. Assn. of Firefighters, Local 2818 v. Mifflin Twp.* (1992), 83 Ohio App.3d 588.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–1132.

Decided Dec. 29, 1992.

*Livorno & Arnett* and *Henry A. Arnett,* for appellant.

*Michael Miller,* Franklin County Prosecuting Attorney, *Donald M. Collins* and *Elizabeth A. Scott,* Assistant Prosecuting Attorneys, for appellees.

PEGGY BRYANT, Judge.

Plaintiff-appellant, International Association of Firefighters, Local 2818 ("Local 2818"), appeals from a judgment of the Franklin County Court of Common Pleas granting the summary judgment motion of defendants-appellees, Mifflin Township ("township") and Mifflin Township Trustees, Joseph F. Spanovich, James M. Abraham and Robert L. Souder ("trustees"). Local 2818's single assignment of error states:

"The Court of Common Pleas erred in entering judgment in favor of Defendants and failing to enter judgment in favor of Plaintiff."

The township operates a fire department which provides fire and emergency service for its residents and the city of Gahanna. In 1984, Local 2818 filed a petition with the State Employment Relations Board ("SERB") seeking recognition as the exclusive bargaining representative for the township's firefighters under R.C. Chapter 4117. Local 2818 abandoned its petition on discovering that the township's population was not large enough to bring the township within the purview of R.C. Chapter 4117, as R.C. 4117.01(B) excludes townships having a population of less than five thousand from the provisions of that chapter. Nevertheless, Local 2818 decided to seek voluntary recognition as the bargaining representative for the township's firefighters.

In 1986, the trustees created a citizen's committee to make recommendations for the township's fire department. The committee ultimately recommended that the township recognize Local 2818 as the sole bargaining representative for its firefighters. Aided by this recommendation, Local 2818 succeeded on June 3, 1987 in obtaining the trustees' approval of a resolution authorizing discussions to explore the possibility of the township recognizing Local 2818 as the exclusive bargaining representative for the township's firefighters.

Pursuant to the resolution, discussions were held between representatives of Local 2818 and James Abraham, chairman of the trustees. These discussions culminated in the drafting of a proposed agreement between the township and Local 2818 which provided that the township both recognize Local 2818 as the

exclusive bargaining representative of its firefighters and approve a proposed collective bargaining agreement between the township and Local 2818.

At the October 14, 1987 meeting of the trustees, the proposed agreement was considered by the trustees, and they took the following action, as recorded in the official minutes of that meeting:

"Mr. Spanovich made a motion that in the best interests of the health, safety and welfare of the public and the future of the Township, a proposed contract entitled 'Agreement Between Mifflin Township, Franklin County, Ohio and the International Association of Firefighters, Local 2818' dated and revised September 30, 1987, the Board of Trustees of Mifflin Township do hereby approve said contract with the following contingencies:

"1.   That all legal requirements are met.

"2.   That the majority of the members of Local 2818 approve this contract.

"3.   That properly witnessed and documented evidence of the vote of the members is presented to the Trustees.

"4.   That issues, if any, that are not now apparent are resolved.

"5.   That this action taken by the Trustees is an indication of their intent to approve what has already been agreed to by both sides in the exploratory discussions.

"6.   Article 21 Title is changed to read 'Consideration for Recognition'.

"Mr. Souder seconded. Vote: Mr. Abraham—Here,[1] Mr. Spanovich—Yes, Mr. Souder—Yes. Motion carried." (Footnote added.)

More than two years later at their November 21, 1989 meeting, the trustees again voted on the proposed agreement, this time unanimously voting to reject it on the grounds that all the contingencies set forth during their October 14, 1987 meeting had not been satisfied.

Thereafter, on December 6, 1989, Local 2818 instituted the present action seeking (a) a declaratory judgment that the agreement approved by the trustees at their October 14, 1987 meeting constituted a legally binding and enforceable contract between the township and Local 2818, and (b) an injunction ordering defendants-appellees to comply with the terms of that agreement. Subsequently, on August 8, 1990, and September 6, 1990, respectively, Local 2818 and defendants-appellees filed cross-motions for summary judgment. On December 31, 1990, the trial court granted defendants-appellees' motion for summary judgment

---

1.   At the trustees' next meeting on October 21, 1987, the minutes of the October 14, 1987 meeting were amended to show that Abraham's vote on the proposed agreement was "yes" instead of "here," thereby making the vote unanimous.

on the ground that no contract existed between Local 2818 and the township because the proposed agreement had not been executed by the parties as required by R.C. 4117.09(A).

On appeal, this court reversed, finding that R.C. 4117.09(A) was inapplicable to the agreement in question because the township's population was less than five thousand. The case was remanded for a determination of whether the action brought by Local 2818 was barred by the doctrine of laches, and if not, whether all of the contingencies set forth by the trustees had been satisfied. *Internatl. Assn. of Firefighters, Local 2818 v. Mifflin Twp.* (Aug. 13, 1991), Franklin App. No. 91AP–225, unreported, 1991 WL 159863.

Upon remand, the trial court concluded that plaintiff-appellant's action was not barred by the doctrine of laches. However, based on the parties' affidavits, depositions and exhibits, the court also determined that the following three contingencies upon which the trustees had conditioned their approval of the agreement had not been met:

"3. That properly witnessed and documented evidence of the vote of the members is presented to the Trustees.

"4. That issues, if any, that are not now apparent are resolved.

"* 　 * 　 *

"6. Article 21 Title is changed to read 'Consideration for Recognition'."

Thus, the trial court concluded that no contract existed between the parties, and once again granted defendants-appellees' summary judgment motion.

Since this appeal arises in the context of a summary judgment motion, pursuant to Civ.R. 56 the evidence must be construed in favor of the nonmoving party. Summary judgment is appropriate only if no genuine issue of fact exists, the moving party is entitled to judgment as a matter of law, and reasonable minds can come but to one conclusion, which is adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46. A motion for summary judgment forces the nonmoving party to produce evidence on any issue for which the party bears the burden of production at trial. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus (*Celotex v. Catrett* [1986], 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265, approved and followed).

In its sole assignment of error, Local 2818 asserts that the evidence before the trial court created a "genuine issue of material fact" concerning satisfaction of the three contingencies cited by the trial court, and that summary judgment thus was improper.

While the trial court found that three of the township's six contingencies had not been satisfied, two of the three contingencies cited by the trial court are problematic. The fourth contingency states: "That issues, if any, that are not now apparent are resolved." The vague language used in the fourth contingency gives little, if any, direction regarding what is required to satisfy it. Further, the difficulty in interpreting the fourth contingency is only compounded by defendants' inability to clarify what the contingency was intended to address. The sixth contingency, by contrast, is clear and requires nothing more than a minor clerical change to the contract document. Given the nature of this contingency, a vote by Local 2818 to approve the change required thereby arguably satisfies the contingency. However, the issues raised by these two contingencies need not be resolved herein, as disposition of this appeal rests solely on the court's ruling concerning the third contingency.

The third contingency required " * * * properly witnessed and documented evidence of the vote of the [union] members * * * [to be] presented to the Trustees." Defendants argued in their motion for summary judgment that this contingency had not been satisfied, and in support of their contention, they produced the deposition of Joseph F. Spanovich, trustee. In his deposition, Spanovich testified that he had not received any evidence that the union members had voted to approve the contract, and that, to his knowledge, none of the other trustees had received such evidence.

Once defendants-appellees submitted the deposition of Spanovich, Local 2818 was required to produce some evidence tending to show that "properly witnessed and documented evidence of the vote of the [union] members * * * [had been] presented to the Trustees." *Wing, supra.* A careful review of the record reveals that Local 2818 did not produce any such evidence in the trial court. While Local 2818 argues that the affidavit of its president, Larry S. Holland, contains evidence sufficient to create a genuine issue of material fact with regard to whether the third contingency was satisfied, we are unable to agree. In his affidavit, Holland simply states: " * * * the Trustees were informed of the [union's] approval." This statement, even when construed most strongly in plaintiff's favor, provides no evidence which tends to prove that the trustees were presented with " * * * *properly witnessed and documented evidence* " of the union's approval.

Under the facts herein, reasonable minds could conclude only that the third contingency was not satisfied. Nonsatisfaction of the third contingency being sufficient by itself to prevent formation of an enforceable contract, the trial court did not err in granting defendants-appellees' summary judgment motion. Plaintiff-appellant's single assignment of error is overruled.

Having overruled plaintiff-appellant's single assignment of error, we affirm the judgment of the trial court.

*Judgment affirmed.*

PETREE and DESHLER, JJ., concur.